UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RYAN SCOTT ADAMS,<br><br>    Plaintiff,<br><br> v.<br><br>CARMAC, et al.,<br><br>    Defendants. | Case No. 2:25-cv-02311-JLR-TLF<br><br>ORDER TO SHOW CAUSE |

The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge Theresa L. Fricke. Pending before the Court is plaintiff Ryan S. Adams' Motion for Leave to Proceed *In Forma Pauperis* ("IFP"). Dkt. 4. Upon review, plaintiff has incurred at least three "strikes" under 28 U.S.C. § 1915(g). As currently written, the complaint does not contain sufficient facts to show that he is in imminent danger of harm. The Court therefore declines to grant plaintiff leave to proceed IFP at this juncture or to order that plaintiff's complaint be served on defendants. Plaintiff is, however, granted leave to file an amended complaint correcting, to the extent possible, the deficiencies identified below.

**I. BACKGROUND**

Plaintiff, is incarcerated at Clallam Bay Correctional Center ("CBCC"). He alleges his legal materials were confiscated as he was transferred to Monroe Correctional Complex in early 2025, and he was refused legal assistance as he was transferred to

ORDER TO SHOW CAUSE - 1

1  CBCC. Dkt. 1 at 5-7. Plaintiff also alleges that correctional officers physically harmed him
2  in October 2025 while he was in his cell. *Id.* at 8-9.
3      Plaintiff, proceeding *pro se*, filed an initial Application to Proceed IFP along with a
4  proposed § 1983 Complaint on November 17, 2025. Dkts. 1, 1-1.
5      On November 18, 2025, the Clerk of Court sent plaintiff a letter notifying plaintiff
6  that he had failed to meet the filing requirements by failing to pay the $405.00 fee or
7  applying to proceed IFP. Dkt. 2. The Clerk enclosed the appropriate IFP Form for
8  plaintiff's convenience. *See* Dkts. 2, 2-1. The Clerk of Court instructed plaintiff to return
9  the requested documentation to the Court by December 18, 2025. *Id*. On November 26,
10 2025, plaintiff filed the pending Motion for Leave to Proceed IFP along with a certified
11 copy of his prison trust account statement. Dkts. 4, 4-1.

## II.    DISCUSSION

13     Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, a district
14 court may waive the filing fee for civil complaints by granting IFP status to individuals
15 unable to afford the fee. *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).
16 "To address concerns that prisoners proceeding IFP were burdening the federal courts
17 with frivolous lawsuits, the PLRA altered the IFP provisions for prisoners in an effort to
18 discourage such suits." *Id.* (citing *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir.
19 2001)).
20     Indigent prisoners may still apply for and obtain IFP status, but § 1915(b) states
21 prisoners proceeding IFP must pay the filing fee when funds become available in their
22 prison accounts. 28 U.S.C. §1915(b); *Cervantes*, 493 F.3d at 1051.

ORDER TO SHOW CAUSE - 2

"Additionally, prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three-strikes rule." *Cervantes*, 493 F.3d at 1051–52. The "three-strikes rule" contained in § 1915(g) of the PLRA states:

> In no event shall a prisoner bring a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). To show a danger that is "imminent," a prisoner must plausibly allege that the danger is "ongoing" and is "ready to take place" or "hanging threateningly over his head." *Andrews*, 493 F.3d at 1056. Additionally, a prisoner plaintiff must make specific or credible allegations showing the threat to them is real and proximate. *Cervantes*, 493 F.3d at 1053.

The three-strikes rule does not distinguish between dismissals with prejudice, dismissals without prejudice, actions dismissed on the merits, or actions dismissed pursuant to the statute's screening provisions. *O'Neal v. Price*, 531 F.3d 1146, 1154–55 (9th Cir. 2008). When an IFP motion or application is rejected pursuant to the screening provisions of 28 U.S.C. § 1915(e) and the action is dismissed, the dismissal counts as a "strike." *Id.* at 1155.

Here, the records of this Court and of the United States District Court for the Eastern District of Washington show that plaintiff has filed seven prisoner civil rights actions while incarcerated. Of those actions, at least three were dismissed for failure to state a claim upon which relief may be granted. Thus, the following prior dismissals constitute "strikes" pursuant to section 1915(g):

ORDER TO SHOW CAUSE - 3

1. *Adams v. Inslee et al.*, No. 3:24-cv-05417-TMC, Dkt. 11, 12 (W.D. Wash. Aug. 16, 2024) (dismissing complaint for failure to state a claim);

2. *Adams v. Robertson, et al.*, No. 4:24-cv-05053-SAB, Dkt. 14, 15 (E.D. Wash., Dec. 6, 2024) (dismissing amended complaint for failure to state a claim); and

3. *Adams v. Jackson et al.*, No. 4:24-cv-05041-SAB, Dkts. 19, 20 (E.D. Wash. Oct. 3, 2025) (dismissing second amended complaint for failure to state a claim).

Because plaintiff has incurred at least three "strikes," he is barred from proceeding IFP unless he shows he was "under imminent danger of serious physical injury" at the time he filed his proposed complaint. *See* 28 U.S.C. § 1915(g). Plaintiff does not make any specific allegation of "imminent danger" in his complaint. The allegations pertain to past events, and the facts alleged therein do not give rise to an inference of imminent danger relating to the conduct of the named defendants. The named defendants are alleged to have denied plaintiff the opportunity to file legal materials.

Claim three of the complaint alleges that Sgt. McRae, Ms. Carmac, and Pete Maxon, retaliated against plaintiff. Dkt. 1 at 8-9. As part of the retaliation claim, the complaint states that correctional officers (individuals that have not been named as defendants) came into his cell to "take turns" punching him, eye gouging, fish hooking his mouth, part of his thumb is missing because one of the officers allegedly bit him, and they were pulling down his pants and touching his genitals. Dkt. 1 at 9. It is unclear from plaintiff's complaint if danger is "ongoing" and is "ready to take place" or "hanging threateningly over his head." *See, Andrews*, 493 F.3d at 1056.

ORDER TO SHOW CAUSE - 4

Therefore, the Court will not grant plaintiff leave to proceed IFP at this time but will afford him an opportunity to make the requisite showing of imminent danger in an amended complaint, should he elect to file one.

### III.  CONCLUSION

Because of the deficiencies identified above, the Court declines to rule on plaintiff's IFP application or to direct that plaintiff's complaint be served on defendants. However, plaintiff is granted leave to file an amended complaint curing the above noted deficiencies by January 16, 2026. Plaintiff must ensure that any new submissions contain the same case number as his original submissions. If plaintiff fails to make an adequate showing of imminent danger in any amended pleading, the Court will recommend that his IFP application be denied and that he be required to pay the filing fee if he wishes to proceed with this action.

Plaintiff is advised that an amended pleading operates as a complete substitute for an original pleading. See *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, Inc., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended)). Thus, any amended complaint must clearly identify each intended defendant, the constitutional claim(s) asserted against each defendant, the specific facts which plaintiff believes support each claim, and the specific relief requested.

//
//
//
//

ORDER TO SHOW CAUSE - 5

The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended complaint, and to note this matter on the Court's calendar for January 16, 2026, for review of plaintiff's IFP application and his amended complaint.

Dated this 17th day of December, 2025.

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 6